UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CANTRELL,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>WASHOE COUNTY DETENTION CENTER, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-00523-ART-CSD<br><br>ORDER |

Plaintiff Joseph Cantrell brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Washoe County Detention Center. (ECF No. 3.) On August 22, 2024, the Court granted Cantrell's application to proceed *in forma pauperis*. (ECF No. 9.) However, because Cantrell stated in his application that he was homeless, the Court directed Cantrell to either confirm that he was still receiving mail at the last address that he provided for the court or file an updated address on or before September 23, 2024. (*Id.* at 2.) That deadline expired and Cantrell did not confirm his current address, file an updated address, or otherwise respond to the Court's order.

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

1  dismiss an action on one of these grounds, the Court must consider: (1) the
2  public's interest in expeditious resolution of litigation; (2) the Court's need to
3  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
4  favoring disposition of cases on their merits; and (5) the availability of less drastic
5  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
6  1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
7  Cir. 1987)).

8  The first two factors, the public's interest in expeditiously resolving this
9  litigation and the Court's interest in managing its docket, weigh in favor of
10 dismissal of Cantrell's claims. The third factor, risk of prejudice to defendants,
11 also weighs in favor of dismissal because a presumption of injury arises from the
12 occurrence of unreasonable delay in filing a pleading ordered by the court or
13 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
14 1976). The fourth factor—the public policy favoring disposition of cases on their
15 merits—is greatly outweighed by the factors favoring dismissal.

16 The fifth factor requires the Court to consider whether less drastic
17 alternatives can be used to correct the party's failure that brought about the
18 Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
19 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
20 the party has disobeyed a court order does not satisfy this factor); *accord*
21 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
22 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
23 pursuit of less drastic alternatives prior to disobedience of the court's order as
24 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
25 with the warning of dismissal for failure to comply[,]" have been "eroded" by
26 *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
27 dismissing a case, but must explore possible and meaningful alternatives."
28 *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

It is not clear whether Cantrell received the Court's order and deliberately ignored it, or whether Cantrell is no longer receiving mail at the last address that he provided. Because this action cannot realistically proceed without the ability for the Court and the defendants to send Cantrell case-related documents, filings, and orders, and the case cannot proceed if Cantrell deliberately ignores the Court's orders, the only alternative to dismissal is to enter a second order setting another deadline. But if Plaintiff is not receiving mail at his previously listed address, there is no reason to believe that he will actually receive a second order. And if Plaintiff received the Court's previous order and ignored it, there is no reason to believe that he would respond to a second order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Cantrell's failure to file an updated address in compliance with this Court's August 22, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Cantrell wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address.

Dated this 4th day of October, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE